OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, CENTRAL
PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, OPERATING ENGINEERS LOCAL 139
DEFINED CONTRIBUTION ANNUITY FUND,
TERRANCE E. MCGOWAN, as a Trustee of said Funds
except CENTRAL PENSION FUND, and JOSEPH SHELTON
as Chief Executive Officer of CENTRAL PENSION FUND, and the
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

      Plaintiffs,

v.                 CIVIL ACTION NO. _____

ALLIED FENCE & SECURITY
13350 OLD KIMBRO ROAD, #A
MANOR, TX 78653,

      Defendant.

## COMPLAINT

   The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, International Union of Operating Engineers Local 139, Operating Engineers Local 139 Defined Contribution Annuity Fund, Terrance E. McGowan, as a Trustee of all Funds except Central Pension Fund, and Joseph Shelton as Chief Executive Officer of Central

Pension Fund, by their attorney, complaining of the Defendant, Allied Fence & Security, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331. The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive Pewaukee, WI 53702, which is located in this district making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund and Operating Engineers Local 139 Defined Contribution Annuity Fund (hereinafter "Plaintiff Funds") are "employee welfare benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds except Central Pension Fund. Joseph Shelton is the Chief Executive Officer of Central Pension Fund.

4. Defendant is a party to a collective bargaining agreement with the Local 139 of the International Union of Operating Engineers ("CBA").

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the CBA. Defendant is also obligated to make fringe benefit contributions to

Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the CBA and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the CBA and Trust Agreements, Defendant is specifically required to do the following:

    a. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating ("Monthly Reports");

    b. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    c. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

    d. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments up to 1 1/2 % per month simple interest to compensate for the loss of use of the money, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

    e. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

    f. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

g. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

8. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing to make payment of contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records.

9. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, there is a total of $1,217.90 known to be due Plaintiff Funds from Defendant for the audited period of July 1, 2023, through December 31, 2024 ("Audited Period").

10. Plaintiff Funds have requested that Defendant performs its obligations, but Defendant has failed and refused to so perform.

11. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That Defendant be ordered to continue submitting contribution reports and pay all current contributions while this action is pending;

B. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

C. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

D. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

# COUNT II

12. Plaintiff International Union of Operating Engineers, Local 139 ("Plaintiff Union") is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative and is party to the CBA to which Defendant agreed to be bound.

13. Under the CBA, Defendant agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

14. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the CBA. Plaintiff Union has been unable to verify the amounts deducted from employees' wages to Plaintiff Union and converted to Defendant's own use, as a result of Defendant's failure to submit Monthly Reports or allow Plaintiffs to audit its payroll records, as alleged in Count I of this Complaint.

15. The total amount of money which Plaintiff Union knows Defendant to have failed to remit in violation of the CBA is $35.80 for the Audited Period.

16. The Defendant's acts and omissions as described herein constitute a breach of the CBA and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBA as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff Union, covering the period for which the CBA are to be effective;

B. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

C. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

D. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

17. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ("JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

18. Defendant is a party to a CBA, which requires contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the CBA.

19. Defendant has failed to remit the contributions due.

20. The total amount of money which Plaintiff JLMWPF knows Defendant to have failed to remit in violation of the Collective Bargaining Agreement is $23.39 for the Audited Period.

21. The Defendant's acts and omissions as described herein constitute a breach of the CBA and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was

required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

B. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 25th day of November, 2025.

                                                  /s/ Cynthia L. Buchko

Cynthia L. Buchko
In-House Counsel for
Central Pension Fund of the International Union of Operating Engineers and
Participating Employers, Joseph Shelton as
Chief Executive Officer of Central Pension Fund,
Operating Engineers Local 139 Health Benefit Fund,
Wisconsin Operating Engineers Skill Improvement and
Apprenticeship Fund, Operating Engineers Local 139 Defined
Contribution Annuity Fund, Trustee Terrance E. McGowan,
International Union of Operating Engineers Local 139 and
Joint Labor Management Work Preservation Fund
a/k/a Construction Business Group
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com